·the premises under his mortgage, and would have caused a complete termination of the building loan agreement, under which he advanced two payments and was to advance five more.

It is not clear from the record whether, when Butler said, "I won't be in any worse position; there's no building loan contract on record, and my lien would come ahead of anything that was on record except the mortgages there"—he referred only to the underlying mortgage on the premises, or to the mortgages which had been recorded under the building loan agreement, and which might be construed as good up to the amount of money advanced under the building loan. In any event, the testimony can be taken as meaning that from the moment of the filing of the lien the proceedings under the building loan would be terminated, and this the defendant admitted. According, also, to the testimony of the defendant, he was to receive 5 per cent. of the amounts advanced by way of compensation for making the building loan in addition to 6 per cent. interest. Within the authorities, these facts are sufficient to hold the promise in this case as an original promise, and not within the statute of frauds.

For the foregoing reasons, the defendant received a beneficial consideration sufficient within the authorities to take the promise out of the statute of frauds. White v. Rintoul, 108 N. Y. 222, 15 N. E. 318; Mallory v. Gillett, 21 N. Y. 412; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Schwoerer v. Samuel H. Stone, 130 App. Div. 796, 115 N. Y. Supp. 440; Alley v. Turck, 8 App. Div. 50, 40 N. Y. Supp. 433.

Judgment and order should be affirmed, with costs.

---

### CORSELL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  March 24, 1916.)

1. COSTS ⊚⇒22—SUPREME COURT—QUEENS COUNTY—JURISDICTION OF COUNTY COURT—SERVICE OUTSIDE COUNTY.

Within Code Civ. Proc. § 3228, subsec. 5, denying costs to plaintiff unless he recovers $500, in an action brought in the Supreme Court, triable in the county of Queens, against a resident of the county, where it could have been brought, except for the amount claimed, in the County Court, the County Court would have jurisdiction, though service was out of the county.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. ⊚⇒22.]

2. COSTS ⊚⇒22—SUPREME COURT—QUEENS COUNTY—PLACE OF SERVICE.

Under Code Civ. Proc. § 3228, subsec. 5, denying costs to plaintiff, unless he recovers $500, in an action brought in the Supreme Court, triable in Queens county, against a resident of the county, where it could have been brought, except for the amount claimed, in the County Court, it is not a condition to the denial of costs that summons be served in the county, as it is, under separate provisions of the section, as to actions triable in New York and Kings county.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. ⊚⇒22.]

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Queens County.

Action by Terrance Corsell, an infant, by Rose Corsell, his guardian ad litem, against the Brooklyn Heights Railroad Company. From an order denying its motion to disallow costs, defendant appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Harold L. Warner, of New York City, for appellant.

Arthur K. Wing, of New York City (Frank H. Gerrodette, of New York City, on the brief), for respondent.

PER CURIAM. [1, 2] The County Court of the county of Queens had jurisdiction, although the summons should be served beyond that county, and as the recovery in the Supreme Court was less than $500 the plaintiff could not tax costs or disbursements. Section 3228 of the Code of Civil Procedure does not require, in such case, that the summons be served within the county, as is demanded in instances relating to the counties of New York and Kings, for which the same section makes provision.

The order should be reversed, with $10 costs and disbursements, and the motion to disallow the costs should be granted.